J-S16035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :         PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| RICKEY DAVIS | : |
| | : |
| Appellant | : No. 1113 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 28, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004483-2024

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:         **FILED: July 30, 2026**

Rickey Davis ("Davis") appeals from the judgment of sentence imposed following his convictions for one count of driving under the influence ("DUI")—highest rate of alcohol (as a second offense), one count of DUI—general impairment (with the sentencing enhancement for causing an accident resulting in damage to property, as a second offense), one count of DUI—general impairment (as a second offense), and related offenses.[1] After careful review, we are constrained to vacate the judgment of sentence and remand for resentencing.

The trial court aptly summarized the relevant factual and procedural history of this matter as follows:

> On May 20, 2024, Ranaya Fuller [("Ms. Fuller")] was rear-ended while approaching a stop sign. Ms. Fuller identified [Davis]

---

[1] **See** 75 Pa.C.S.A. § 3802(a)(1), (c).

as the driver of the car that hit her vehicle. Before the accident, Ms. Fuller saw [Davis] flying down a bridge and going through stop signs. After the accident, [Davis] threw beer cans out of his window and attempted to leave the scene. The impact damaged the trunk of Ms. Fuller's vehicle.

Sergeant Ryan Wooten [("Sergeant Wooten")] of the Eastern Regional Mon Valley Police Department responded to the accident. When [Sergeant] Wooten engaged [Davis], [he] did not converse. [Sergeant] Wooten observed that [Davis] had bloodshot eyes and an odor of alcoholic beverage. [Davis] attempted two field sobriety tests and failed them both. [Davis] was taken to Mon Valley Hospital for a blood draw. Lab testing determined that [his blood alcohol content ("BAC")] level was 0.198%.

Trial Court Opinion, 10/23/25, at unnumbered 2-3.

The Commonwealth initially charged Davis with one count of DUI—general impairment and one count of failing to drive a vehicle at a safe speed. On the date scheduled for the preliminary hearing, Davis waived his right to counsel and waived the preliminary hearing. The Commonwealth added one count of DUI—highest rate of alcohol. The magisterial district court judge bound over all charges for court. The Commonwealth thereafter filed a criminal information charging Davis with one count of DUI—highest rate of alcohol (pursuant to 75 Pa.C.S.A. § 3802(c), 75 Pa.C.S.A. § 3803(b)(4) (relating to the grading of the offense as a first-degree misdemeanor), and 75 Pa.C.S.A. § 3804(c)(2) (relating to penalty for violating section 3802(c) as a second offense)), one count of DUI—general impairment (pursuant to 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A. § 3804(b)(2) (relating to the sentencing enhancement for causing an accident resulting in damage to

property as a second offense)), one count of DUI—general impairment (pursuant to 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A. § 3804(a)(2) (relating to penalty for violating section 3802(a) as a second offense)), and one count of failing to drive at a safe speed.

The matter proceeded to a bifurcated jury/non-jury trial in June 2025, at which Davis again waived his right to counsel, and the court appointed standby counsel. The Commonwealth presented the testimony of Ms. Fuller and Sergeant Wooten, who testified consistently with the above summary. At the conclusion of trial, the jury found Davis guilty of all three DUI offenses. The Commonwealth then introduced a certified record of Davis's driving history, including his prior 2019 conviction for DUI—general impairment. Upon further deliberations, the jury determined that, while DUI, Davis caused an accident resulting in damage to property, and that this was Davis' second DUI offense. The trial court then found Davis not guilty of the summary offense of failing to drive at a safe speed. Davis did not raise any objection to the verdicts at the time they were delivered.

On August 28, 2025, the matter proceeded to a sentencing hearing.[2] The trial court sentenced Davis for DUI—highest rate of alcohol to three years

_____

[2] At the outset of the sentencing hearing, Davis presented the trial court with a "Motion to Dismiss" (a one paragraph document concerning maritime jurisdiction versus criminal jurisdiction), an "Offer to Pay" (a one sentence document concerning his request to pay his debt), and an "Affidavit" (a two-page document requesting the rescission of his signatures). The trial court
*(Footnote Continued Next Page)*

of probation (with 120 days of electronic home monitoring), imposed a fine of $1,500, and ordered him to attend safe driving school and undergo a drug and alcohol treatment evaluation. For each of Davis's two DUI—general impairment convictions, the trial court imposed three years of probation to be served concurrently to his sentence for DUI—highest rate of alcohol. Davis did not raise any challenge to his sentence at the time of sentencing, nor did he file a post-sentence motion. Davis filed a timely *pro se* notice of appeal, and the court appointed counsel to represent him in this appeal. Both Davis and the trial court thereafter complied with Pa.R.A.P. 1925.

Davis raises the following issues for our review:

I.      Whether . . . Davis'[] protections against double jeopardy under the U.S. and Pennsylvania Constitutions were violated when he was convicted of three DUI offenses, including two counts of DUI—general impairment, based on a single instance of conduct, where involvement in a motor vehicle accident (75 Pa.C.S.A. § 3804(b)(2)) is not a separate crime, but rather a penalty consideration?

II.     Whether the trial court imposed illegal sentences for both of . . . Davis'[] DUI—general impairment convictions because his convictions for DUI—general impairment should have merged with his conviction for DUI—highest rate of alcohol for sentencing purposes, to avoid violating the principles of double jeopardy enshrined in the U.S. and Pennsylvania Constitutions?

---

addressed these documents on the record, but ultimately denied them. **See** N.T., 8/28/25, at 4-12. Notably, none of these documents concerned Davis' convictions.

Davis's Brief at 5 (unnecessary capitalization omitted).[3]

In his first issue, Davis purports to challenge his second conviction for DUI—general impairment on the basis that it violates the double jeopardy clauses of the United States and Pennsylvania Constitutions. Initially, we must determine whether Davis preserved this claim for our review.

Generally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). When an appellant raises an issue for the first time in his or her concise statement of errors complained of on appeal, after filing his or her notice of appeal, the issue is waived based on the application of Rule 302(a). *See Commonwealth v. Le*, 208 A.3d 960, 982 (Pa. 2019). The issue preservation requirement ensures that the trial court judge, who initially hears a dispute, has had an opportunity to consider the issue, which in turn advances the orderly and efficient use of our judicial resources and provides fairness to the parties. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1274 (Pa. 2014).

_____

[3] The Double Jeopardy Clause of the Fifth Amendment of United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Fifth Amendment "applies to the States through the Fourteenth Amendment." *Commonwealth v. Johnson*, 231 A.3d 807, 819 (Pa. 2020) (citation omitted); *see also Commonwealth v. States*, 891 A.2d 737, 741-42 (Pa. Super. 2005) (explaining that the double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense).

In *Commonwealth v. Hill*, 238 A.3d 399 (Pa. 2020), our Supreme Court addressed a claim, which was raised for the first time on appeal, that the appellant's second conviction for DUI—general impairment in the same trial violated the double jeopardy clause of the United States Constitution. The High Court ruled that that the appellant waived any claim concerning his second DUI conviction because he failed to preserve the issue in the trial court. *See id*. at 408. Our High Court explained that, to preserve such a claim for appellate review, the appellant was required to raise an objection to the conviction based on double jeopardy grounds "at the latest, when the trial court reached its verdict." *Id*. at 409. In *Hill*, at the time the trial court found the appellant guilty of, *inter alia*, two counts of DUI—general impairment, the appellant did not object to the verdict. *See id*. at 403. Instead, he objected to the second conviction for DUI—general impairment for the first time in his petition for allowance of appeal to our Supreme Court. *See id*. at 404. Thus, as the appellant raised his double jeopardy claim regarding his second DUI—general impairment conviction while his appeal was pending, it was waived. *See id*.

Here, our review of the record reveals that, when the verdict of guilty was delivered on Davis' three DUI convictions, he did not raise any objection to his second conviction for DUI—general impairment on the basis that it violated the double jeopardy clause of either the United States or Pennsylvania Constitutions. Instead, he raised this claim for the first time in his concise

statement of errors complained of on appeal, **after** filing his notice of appeal. Accordingly, we are constrained to conclude that because he failed to preserve this issue for our review by raising it, at the latest, when the verdict was rendered, it is waived. **See Hill**, 238 A.3d at 408-09; **see also** Pa.R.A.P. 302(a); **Le**, 208 A.3d at 982.

In his second issue, Davis claims that his probationary sentences for his two DUI—general impairment convictions are unconstitutional based on double jeopardy grounds. Although Davis did not raise this issue before the trial court, a claim that a sentence is illegal based on constitutional grounds cannot be waived. **See Hill**, 238 A.3d at 408-09 (explaining that because the appellant's double jeopardy challenge to the sentence imposed for his second DUI—general impairment conviction implicated the legality of sentence, it rendered the issue non-waivable, despite the fact that he raised it for the first time on appeal); **see also Commonwealth v. Foster**, 960 A.2d 160, 164, 169 (Pa. Super. 2008) (stating that an issue based on constitutional double jeopardy and merger principles is considered to relate to the legality of sentence, and illegal sentencing claims cannot be waived). Further, this Court may address an illegal sentencing claim *sua sponte*. **See Hill**, 238 A.3d at 407. Our standard of review of a challenge to the legality of a sentence is *de novo* and our scope of review is plenary. **See Commonwealth v. Edwards**, 256 A.3d 1130, 2021 (Pa. 2021).

Although Davis seeks to challenge his two sentences for DUI—general impairment based on constitutional grounds, we will not directly address the constitutionality of his sentences, as we elect to resolve the legality of his sentences on non-constitutional grounds. **See Hill**, 238 A.3d at 410 (declining to address the appellant's constitutional challenge to his sentence for his second conviction for DUI—general impairment based on double jeopardy grounds where the Court discerned that the sentence was illegal on non-constitutional grounds); **see also In re Fiori**, 673 A.2d 905, 909 (Pa. 1996) (stating that this Court adheres "to the sound tenet of jurisprudence that courts should avoid constitutional issues when the issue at hand may be decided upon other grounds").

Once again, our Supreme Court's decision in **Hill** is both instructive and controlling. In **Hill**, the trial court found the appellant guilty of one count of DUI—general impairment (pursuant to section 3802(a)(1)), coupled with the penalty provision for refusing to submit to a breath test, pursuant to section 3804(c)(1)), and a second count of DUI—general impairment (pursuant to 3802(a)(1)) coupled with the generic penalty provision for DUI—general impairment pursuant to section 3804(a)(1)). For the first count of DUI—general impairment, the trial court sentenced the appellant consistent with subsection 3804(c)(1) of the Vehicle Code (relating to a defendant convicted of DUI-general impairment who also refused to submit to a breathalyzer) by, *inter alia*, imposing a sentence of three to six days of incarceration, followed

by six months of probation. Regarding the second count of DUI—general impairment, the trial court did not sentence the appellant consistent with the mandatory DUI statutory sentencing scheme set forth in the Vehicle Code. Rather, the trial court chose to sentence the appellant pursuant to the sentencing discretion provided in 42 Pa.C.S.A. § 9721(a)(2) by entering a "determination of guilt without further penalty." *Hill*, 238 A.3d at 403.

On appeal, the appellant in *Hill* sought to challenge his sentence for the second DUI—general impairment conviction as unconstitutional based on double jeopardy grounds. However, the High Court declined to address the constitutional challenge because the sentence for the second DUI conviction was illegal on its face, as the trial court failed to sentence the appellant consistent with the mandatory sentencing provisions of the Vehicle Code. The High Court explained:

> [P]ursuant to section 3804 of the Vehicle Code, the Legislature, by repeated use of the term "***shall***," plainly mandates that courts sentence defendants found guilty of DUI—general impairment in specific ways. ***See*** 75 Pa.C.S.[A.] § 3804(a) ("Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) ***shall be sentenced*** as follows . . ."); *id.* at § 3804(b) ("Except as set forth in subsection (c), an individual who violates section 3802(a)(1) where there was an accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property or who violates section 3802(b), (e) or (f) ***shall be sentenced*** as follows . . ."); and *id.* at § 3804(c) ("An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or testing of blood pursuant to a valid search warrant or an individual who violates section 3802(c) or (d) ***shall be sentenced*** as follows . . ."). ***Thus, the mandatory nature***

***of the sentences delineated in section 3804 of the Vehicle Code for violations of subsection 3802(a) deprived the trial court of the legal authority to sentence appellant pursuant to the general sentencing provisions contained in 42 Pa.C.S.[A.] § 9721(a), rendering the trial court's selection of a "determination of guilt without further penalty," under subsection 9721(a)(2) of the Sentencing Code, illegal***.

***Hill***, 238 A.3d at 410-11 (emphasis added, unnecessary capitalization omitted).  Thus, the High Court concluded that "when a defendant is found guilty of violating [s]ection 3802(a) of the Vehicle Code, the inclusion of a mandatory minimum sentence in the DUI-sentencing scheme renders the sentencing options under [s]ection 9721(a) of the Sentencing Code unavailable to the court."  ***Id***. at 411.

Here, as in ***Hill***, the trial court did not sentence Davis pursuant to the mandatory sentencing provisions of the Vehicle Code.  As explained above, a jury convicted Davis of one count of DUI—highest rate of alcohol (pursuant to section 3802(c), section 3803(b)(4) (relating to the grading of the offense as a first-degree misdemeanor), and section 3804(c)(2) (relating to penalty for violating section 3802(c) as a second offense)), one count of DUI—general impairment (pursuant to 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A. § 3804(b)(2) (relating to the sentencing enhancement for causing an accident resulting in damage to property as a second offense)), one count of DUI—general impairment (pursuant to 75 Pa.C.S.A. § 3802(a)(1) and 75 Pa.C.S.A. §3804(a)(2) (relating to penalty for violating section 3802(a) as a second offense)).  The DUI sentencing scheme set forth in section 3804 of the Vehicle

Code, which applies to Davis' DUI—highest rate of alcohol conviction and his two DUI—general impairment convictions, includes mandatory minimum prison sentences, particularly given that this was Davis' second conviction for DUI — as he was previously convicted of DUI in 2019.[4] **See** 75 Pa.C.S.A. § 3804(c)(2)(i) (mandating that, for a conviction of DUI—highest rate of alcohol, as a second offense, the defendant shall "undergo imprisonment of not less than 90 days"); **Id**. § 3804(a)(2)(i) (mandating that, for a conviction of DUI—general impairment, as a second offense, the defendant shall "undergo imprisonment for not less than five days"). Thus, pursuant to the Vehicle Code, the trial court was required to impose mandatory imprisonment for Davis' DUI convictions.

However, the trial court opted to invoke the sentencing discretion permitted by section 9721(a)(2) of the Sentencing Code to impose a three-year probationary term for Davis' conviction for DUI—highest rate of alcohol, and a period of three years of probation for each of the two counts of DUI—general impairment, to be served concurrently to his sentence for DUI—highest rate of alcohol. Notably, As **Hill** instructs, when a defendant is found guilty of DUI, the inclusion of a mandatory minimum sentence in the Vehicle Code renders the sentencing options under section 9721(a) of the Sentencing

---

[4] Pursuant to the Vehicle Code, the term "prior offense" means **any** DUI conviction within ten years prior to the date of the current DUI offense, for which judgment of sentence has been imposed before sentencing on the present DUI violation. **See** 75 Pa.C.S.A. § 3806(a)(1), (b)(1)(i).

Code unavailable to the trial court. *See Hill*, 238 A.3d at 411; *see also* 42 Pa.C.S.A. § 9721(a.1)(1) (providing that the sentencing discretion afforded under section 9721(a) "*shall not apply where a mandatory minimum sentence is otherwise provided by law*") (emphasis added); 75 Pa.C.S.A. § 3804(g) (providing that "[t]he sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing *shall not supersede the mandatory penalties of this section*") (emphasis added). Thus, as the trial court lacked discretion to impose a probationary sentence for any of Davis' DUI convictions, we are constrained to conclude that Davis' sentence is illegal as a matter of law. Accordingly, we vacate the judgment of sentence and remand for resentencing consistent with the mandatory sentencing provisions of the Vehicle Code.[5]

Judgment of sentenced vacated. Case remanded. Jurisdiction relinquished.

---

[5] Because it is undisputed that all three of Davis' DUI convictions arose from the same criminal act, we direct the trial court, upon remand and prior to resentencing, to consider whether for sentencing purposes, Davis' convictions for DUI—general impairment merge with his conviction for DUI—highest rate of alcohol. *See Hill*, 238 A.3d at 411 (concluding that any sentence imposed for the appellant's second conviction for DUI—general impairment would violate the double jeopardy clause); *see also Commonwealth v. Tanner*, 61 A.3d 1043 (Pa. Super. 2013) (holding that, for sentencing purposes, the defendant's DUI conviction merged with his convictions for homicide by motor vehicle and aggravated assault by motor vehicle where his single criminal act of DUI was the factual basis for all three convictions); *Commonwealth v. Schmohl*, 975 A.2d 1144 (Pa. Super. 2009) (holding that, for sentencing purposes, the defendant's conviction for DUI—high rate of alcohol merged with his conviction for aggravated assault by motor vehicle).

- 12 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  7/30/2026